### Grange Mut. Casualty. Co. v. Martin
*[Cite as 7 AOA 147]*

*Case No. 90AP020011*
*Tuscarawas County, (5th)*
*Decided September 18, 1990*

*Susan M. Collins Berger, 4571 Stephen Circle N.W., Canton, Ohio 44718-3629, for Plaintiff-Appellant.*

*Lawrence J. Cook, 900 CitiCenter Building, 146 South High Street, Akron, Ohio 44308-1421, for Defendant-Appellee.*

WISE, J.

This is an appeal from a judgment entered by the New Philadelphia Municipal Court granting summary judgment to Ted L. Fuhrer, defendant-appellee (appellee), and against Grange Mutual Companies and Faith C. Kieffaber, plaintiffs-appellants (appellant). Appellant states the following as its assignments of error:

"I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

"A. THE TRIAL COURT ERRED AS A MATTER OF LAW IN RULING THAT O.R.C. SECTION 4509.101 DOES NOT GIVE RISE TO A CIVIL CAUSE OF ACTION WITHOUT OTHER NEGLIGENT OR ACTIONABLE BEHAVIOR.

"B. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THERE WAS NO OTHER THEORY OF LIABILITY PERTAINING TO THE OWNERSHIP OF THE MOTOR VEHICLE ALONE.

"II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO FIND THAT PLAINTIFF'S CAUSE OF ACTION IS FOUNDED ON THE COMMON LAW THEORY OF IMPUTED NEGLIGENCE.

"III. PUBLIC POLICY MANDATES LIABILITY FOR AN OWNER OF A MOTOR VEHICLE WHO FAILS TO COMPLY WITH O.R.C. SECTION 4509.101."

Appellant filed an amended complaint seeking money damages from appellee and one Jamin Martin (Martin), alleging:

1) that Martin allegedly operated a motor vehicle on December 10, 1987, causing a collision with appellant Kieffaber's automobile and that appellee negligently entrusted his motor vehicle to Martin;

2) that appellee failed to comply with the provision of Ohio's "financial responsibility law" as proscribed in R.C. 4509.101.

Appellee filed a motion to dismiss and a motion for summary judgment, which the trial court granted. The trial court found that appellant:

"... acknowledged in open court through... [its] legal counsel on January 19, 1990 that the cause of action alleging 'negligent entrustment' of the motor vehicle by Defendant Fuhrer to Defendant Martin is no longer viable and that Defendant Fuhrer did not 'negligently entrust' the motor vehicle to Defendant Martin on the date relevant in this case.

"With elimination of the negligent entrustment cause of action, the gravamen of Plaintiffs' lawsuit is that Defendant Fuhrer has violated Section 4509.101, Ohio Revised Code and that violation or failure of Defendant Fuhrer to be financially responsible as required by Section 4509.101, Ohio Revised Code, as an owner of a motor vehicle in Ohio, gives rise, in and of itself, to a civil cause of action against Defendant Fuhrer by Plaintiffs Kieffaber and Grange Mutual Companies..." DECISION, p. 2.

In granting appellee's motion for summary judgment, the trial court stated in his decision at page 4:

"... the Court is not persuaded that failure to comply with Section 4509.101, Ohio Revised Code constitutes actionable behavior giving rise to a civil cause of action without other negligent or actionable behavior."

We agree and overrule appellant's assignments of error. Our reasons follow.

### I, II & III

Appellant's three assignments of error shall be construed as one, i.e., the trial court erred as a matter of law in ruling that R.C. 4509.101 does not give rise to a civil cause of action without other negligent or actionable behavior. Appellant argues that the "financial responsibility act" imputes liability resulting in a form of strict liability upon the owner of a vehicle who does not maintain financial responsibility with respect to the owner's vehicle whether driven by the owner or by another person.

R.C. 4509.101:

"(A) (1) No person shall operate, or permit the operation of, a motor vehicle in this state, unless proof of financial responsibility is maintained with respect to that vehicle, or, in the case of a driver who is not the owner, with respect to his operation of that vehicle.

"(2) Whoever violates division (A) (1) of this section *shall be subject to the following civil penalties:*

"(a) Suspension of the person's operating privileges and impoundment of the person's license until the person complies with division (A) (5) of this section, which suspension shall be for a period of not less than ninety days and shall not be subject to revocation, suspension, or occupational or other limited operating privileges;

"(b) In addition to the suspension of an owner's license under division (A) (2) (a) of this section, the suspension of the rights of the owner to register the motor vehicle and the impoundment of the owner's certificate of registration and registration plates until the owner complies with division (A) (5) of this section." (Emphasis added.)

R.C. 4509.101(K):

"The purpose of this section is to encourage the maintenance of proof of financial responsibility with respect to the operation of motor vehicles on the highways of this state, so as to minimize those situations in which persons are not compensated for injuries and damages sustained in motor vehicle accidents. *The general assembly finds that this section contains reasonable civil penalties and procedures for achieving this purpose.*" (Emphasis added.)

R.C. 4509.101(L):

"Nothing in this section shall be construed to be subject to section 4509.78 of the Revised Code."

R.C. 4509.78:

"No persons shall violate sections 4509.01 to 4509.78, inclusive, of the Revised Code for which no penalty is otherwise provided."

R.C. 4509.99:

"(D) Whoever violates section 4509.78 of the Revised Code shall be fined not more than five hundred dollars or imprisoned not more than ninety days, or both."

Appellant relies heavily on the first sentence of R.C. 4509.101(K) as supporting its theory of imputed liability while ignoring the second sentence of (K), which states:

"The general assembly finds that this section contains reasonable civil penalties in procedures for achieving this purpose."

We construe the language "this section" in that second sentence of (K) to refer to R.C. 4509.101 and specifically to R.C. 4509.101(A) (2), which sets out "the following civil penalties." The legislature is saying loud and clear that the only civil penalties available are those set forth in R.C. 4509.101(A) (2).

Appellant also argues that R.C. 4509.78 somehow supports its claim of imputed liability. We note that R.C. 4509.101 contains section (L) which states, "[n]othing in this section shall be

construed to be subject to section 4509.78 of the Revised Code." Further, 4509.99(D) provides, "[w]hoever violates section 4509.78 of the Revised Code shall be fined not more than five hundred dollars or imprisoned not more than ninety days, or both."

We agree with the trial court's observation that:

"Evidently, the Ohio Legislature has deemed such penalties to be exclusive and has not provided for other civil remedies as a result of an owner violating Section 4509.101, Ohio Revised Code and there being no other theory of liability pertaining to the ownership of the motor vehicle alone." DECISION, p. 4.

Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

HOFFMAN, J., and SMART, J., concur.